UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | |
|---|---|
| Mark Francis | Chapter 11 |
| v. | Case No. 05-17930 (ALG) |
| NORTHWEST AIRLINES CORPORATION, et al., | Jointly Administered |

-----------------------------------------------------------------x

### NOTICE OF APPEAL

Re: Claims 11631, 11637 and 11673

PLEASE TAKE NOTICE that this notice of appeal is submitted in a timely manner based on the signed order,, the lack of due process and mistakes made, which this appeal prays will be heard and addressed.

Dated: June 22nd, 2008

Mark Francis

JUN 3 0

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
In re:                                              : Chapter 11
                                                    :
NORTHWEST AIRLINES CORPORATION, et al.,             : Case No. 05-17930 (ALG)
                                                    :
Debtors.                                            : Jointly Administered
---------------------------------------------------------------- x

### ORDER REGARDING DEBTORS' OBJECTION TO PROOFS OF CLAIM NUMBERS 11631, 11637 AND 11673 FILED BY MARK FRANCIS PURSUANT TO THE TWENTY-SECOND OMNIBUS (TIER II) OBJECTION

Upon the Debtors'[1] twenty-second omnibus objection to claims pursuant to section 502(b) of the Bankruptcy Code, rule 3007 of the Bankruptcy Rules, the Procedures Order and the Wage and Benefit Order (the "Twenty-Second Omnibus Objection", see Docket No. 5238), requesting entry of an Order disallowing and expunging proofs of claim numbers 11631, 11637 and 11673 (collectively, the "Claims") filed by Mark Francis ("Francis"); as described more fully in the Twenty-Second Omnibus Objection; and the Court having jurisdiction to consider the Twenty-Second Omnibus Objection and the relief requested therein in accordance with the Procedures Order and 28 U.S.C. §§ 157 and 1334; and due notice of the Twenty-Second Omnibus Objection having been provided; and Claimant having filed responses to the Twenty-Second Omnibus Objection (see Docket Nos. 6302, 6303, 6304, 6305, 6306, 6307, 6607, 6608 and 7756); and upon the records of the hearings held on May 6, 2008 at 11:00 a.m. (the "May Hearing") and June 4, 2008 at 10:00 a.m. (the "June Hearing", and together with the May Hearing, the "Hearings") to consider the Twenty-Second Omnibus Objection with respect to the Claims; and Francis having been provided the opportunity to file supplemental papers by May 27, 2008 in accordance with the Court's instructions at the May

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Twenty-Second Omnibus Objection.

USActive 12797579.3

Hearing, and Francis not having filed any supplemental papers; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, rule 3007 of the Bankruptcy Rules and the Procedures Order, and for the reasons set forth in the records of the Hearings, the Claims are hereby disallowed and expunged in their entirety subject to the following paragraphs; and it is further

ORDERED that any non-bankruptcy rights Mr. Francis may have to wages or medical, workers' compensation, or other benefits covered by the Wage and Benefit Order, are not affected by this order, and the Court's suggestion that the Debtors provide Mr. Francis with a further explanation as to their position on his claims to wages or medical, workers' compensation or other benefits is also unaffected by this order; and it is further

ORDERED that any existing grievance claims Mr. Francis may have may go forward in the ordinary course of business if they have not already been determined adversely to Mr. Francis, provided however, that any recovery that Francis may be awarded shall be subject to the terms of the Plan, the provisions of the Bankruptcy Code and to further order of this Court; and it is further

ORDERED that any rights Mr. Francis may have with respect the Series C stock are not affected by this order but are subject to this Court's order dated April 26, 2007 (see Docket No. 6421) relating to the IAM Series C stock claims and may be pursued only against his former union, International Association of Machinists ("IAM"), which is responsible for distribution of such stock.

Dated: New York, New York
June 19, 2008

/s/ Allan L. Gropper
THE HONORABLE ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE